IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>JULIUS DEANE GRIFFIN,<br>a/k/a "West Camp,"<br>a/k/a "Julius Dean Griffin,"<br>a/k/a "Julius Deon Griffin,"<br>a/k/a "Hustla Griffin,"<br>a/k/a "Hustla,"<br><br>        Defendant. | Case No. 25-CR-00167-SEH |

## OPINION AND ORDER

Before the Court is the government's unopposed motion in limine to determine Indian Country as a matter of law. [ECF No. 34]. For the reasons provided below, the motion is granted.

A federal grand jury charged Defendant Julius Griffin in a 26-count Indictment. [ECF No. 20]. Count Twenty-Four alleges Griffin committed an assault with a dangerous weapon with intent to do bodily harm in Indian Country. [*Id*. at 8]. The government anticipates eliciting testimony that Griffin committed the crime alleged in Count Twenty-Four at 2929 W. Easton Ct., Tulsa, Oklahoma 74127. [ECF No. 34 at 2].

The government seeks a pretrial determination, as a matter of law, that 2929 W. Easton Ct., Tulsa, Oklahoma 74127 is within the boundaries of the Muscogee (Creek) Nation, and therefore within Indian Country, as defined by 18 U.S.C. § 1151(a). [*Id*. at 1]. The defendant does not object to the government's motion. [*Id*.].

"As a general matter, the trial court decides the jurisdictional status of a particular property or area and then leaves to the jury the factual determination of whether the alleged crime occurred at the site." *United States v. Roberts*, 185 F.3d 1125, 1139 (10th Cir. 1999). Therefore, a trial court "makes the jurisdictional ruling a particular tract of land or geographic area is Indian Country, and then instructs the jury to determine whether the alleged offense occurred there." *Id*.

Because the government is the party invoking the Court's jurisdiction, it bears the "burden of persuading this court by a preponderance of the evidence that the court has jurisdiction." *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994). "Indian Country" includes "all land within the limits of any Indian reservation under the jurisdiction of the United States Government." 18 U.S.C. § 1151.

The Muscogee (Creek) Nation's reservation was created by federal law. "In a series of treaties, Congress not only "solemnly guarantied" the land but also "establish[ed] boundary lines which will secure a country and permanent

home to the whole Creek Nation of Indians." *McGirt v. Oklahoma*, 591 U.S. 894, 899–900 (2020). The reservation's initial boundaries were created in 1833. *See* Treaty with the Creeks, Art. II, Feb. 14, 1833, 7 Stat. 418. Following the American Civil War, the size of the reservation was reduced, and it took on the familiar shape it retains to the present day. Treaty Between the United States and the Creek Nation of Indians, Art. III, June 14, 1866, 14 Stat. 786.

The government submits for the Court's review a link to a map of the Muscogee (Creek) Nation showing that 2929 W. Easton Ct., Tulsa, Oklahoma 74127 is located within the Muscogee (Creek) Nation's Reservation boundaries. [*See* ECF No. 34 at 2–3 (directing the Court to https://mcngis.com/mcn-boundary/)]. The Court finds that the government has carried its burden of showing by a preponderance of the evidence that the location of the charged events is within Indian country. A jury, however, must determine whether the alleged crime occurred at this location.

IT IS THEREFORE ORDERED that the government's motion in limine to determine Indian Country as a matter of law [ECF No. 37] is GRANTED.

DATED this 28th day of May, 2025.

Sara E. Hill
UNITED STATES DISTRICT JUDGE

3